IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00937-RTG

JOHN THOMAS MARTINEZ, JR.,

Plaintiff,

v.

ARAMARK FOOD SERVICE COMPANY, and
DENVER SHERIFFS DEPARTMENT,

Defendants.

---

## ORDER TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff John Thomas Martinez, Jr. is a convicted and sentenced state prisoner at the Bent County Correctional Facility in Las Animas, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5). Plaintiff has been granted leave to proceed *in forma pauperis* under § 1915. (ECF No. 6). Accordingly, Plaintiff's complaint is screened pursuant to D.C.COLO.LCivR 8.1(b), 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c).

The Court must construe Plaintiff's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the following reasons, Plaintiff must

file an amended Prisoner Complaint.

## I.      PRISONER COMPLAINT

This case concerns food poisoning while Plaintiff was a pretrial detainee at the Denver County jail. Plaintiff brings this action under 42 U.S.C. § 1983 against two defendants: Aramark Food Service Company and the Denver Sheriff Department. (ECF No. 1). Plaintiff asserts a single claim against both defendants titled "Food Poisoning." (*Id.* at 4). The supporting allegations, in their entirety, are as follows: "[O]n or about 01/15/2025 plaintiff ingested contaminated food while in custody in the Denver Downtown Detention Center. Causing Severe abdominal pain, vomit, diarrhea, nausea and fever as a result[.]" (*Id.* at 4 (alterations in brackets). As for the relief requested, Plaintiff leaves that determination to the court, but "reminds the court" that he missed a court hearing that caused him to be held without bond for an additional 30 days, and that his damages include pain, suffering, loss of daily activities, and emotional distress. (*Id.* at 6).

The Court will now discuss the issues presented in the pleading.

## II.     PLEADING ISSUES

### A.      State Action

The Court liberally construes Plaintiff's Prisoner Complaint as asserting an Eighth Amendment conditions-of-confinement claim (via the Fourteenth Amendment) against both defendants—Aramark and the Denver County Sheriff's Department. But Aramark is a private corporation that does not represent the State of Colorado or a local

municipality. Plaintiff is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). In order to satisfy the under-color-of-state-law element, a plaintiff must show that he or she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff's complaint does not include well-pled allegations to show that Aramark acted under color of state law.

### B.  Municipal Liability and Liability of an Entity

The extent to which Plaintiff may wish to sue a sheriff's department in this § 1983 action—or employees or agents of such a department, in their official capacities— Plaintiff has not named an entity separate from the municipality itself (usually the county or city). *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) (concluding "that the Greenwood Village Police Department and the Arapahoe County Coroner's Office are not 'persons' against whom § 1983 claims

3

may be asserted."). Similarly, insofar as Plaintiff asserts a claim against a private corporation (*i.e.*, Aramark) under § 1983, and again assuming he can plead facts showing the company acted under color of state law, he must also allege facts that demonstrate he suffered an injury caused by an official policy or custom of the company. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) (explaining that "in order to hold CCA liable for the alleged tortious acts of its agents, [plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

If Plaintiff wishes to pursue a § 1983 claim against a municipality, he must allege facts that show the existence of a policy or custom that directly caused the violation of a constitutional right. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *See Monell*, 436 U.S. at 694; *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff may recover against a municipality only if he demonstrates he suffered an injury caused by a policy or custom of the municipality. *See Schneider v. City of*

*Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013). "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996). Further, Plaintiff cannot state a claim for relief against a municipality under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at 694.

In the amended Prisoner Complaint, Plaintiff must adequately plead a policy or custom to proceed on a § 1983 claim against a private corporation or the Denver Sheriff Department.

### C.    Legal Standards

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *See also Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged."). Plaintiff appears to assert the following claim.

Because Plaintiff's claim looks to have arisen when he was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment governs. *Burke v. Regalado*, 935 F.3d 960, 991 (10th Cir. 2019). "In evaluating such Fourteenth Amendment claims, we apply an analysis identical to that applied in Eighth Amendment cases." *Id.* (cleaned up). The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated

persons humane conditions of confinement. To state an arguable Eighth Amendment claim based on the conditions of confinement, Plaintiff must first demonstrate that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian* , 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Moreover, "[t]he Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). To prove an unconstitutional deprivation, "a prisoner must show that conditions were more than uncomfortable, and indeed rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer,* 511 U.S. at 834, 114 S. Ct. 1970 ). Whether there is a substantial risk of serious harm depends on "the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered." *Id.* at 974 (quotation marks and citations omitted). "[T]he length of exposure to the conditions is often of prime importance." *Id.* Thus, a "filthy, overcrowded

cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney,* 437 U.S. 678, 686–87 (1978).

In addition, an inmate making an Eighth Amendment claim must demonstrate "[t]he subjective component [that] requires that a . . . prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *DeSpain,* 264 F.3d 965, 974 (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 303 (1991)). The subjective component is met if the prisoner shows the defendants "knew he [or she] faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). On the other hand, if an official is aware of the potential for harm but takes reasonable efforts to avoid or alleviate that harm, he bears no liability. *See DeSpain*, 264 F.3d at 975. This is "because the Eighth Amendment requires only 'reasonable safety,'" so that "prison officials who 'actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 844-45).

Plaintiff must amend his complaint to adequately allege facts that meet this standard.

### III.   CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, within thirty (30) days from the date of this order, an amended Prisoner Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, fully completed Prisoner Complaint on the court-approved form as one document that contains all claims and allegations. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that Plaintiff obtain and utilize the court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED April 8, 2026.

BY THE COURT:

Richard T. Gurley

_____

Richard T. Gurley
United States Magistrate Judge

8